**Elbagir Hassan AWAD, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General of the United States, Respondent.**

No. 03–4747.

United States Court of Appeals, Second Circuit.

June 1, 2006.

Rakhvir Dhanoa, Sandra P. Nichols, P.C. (Sandra P. Nichols, on the brief), New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

(James P. Fleissner, Criminal Division Chief of Appeals, and Margaret A. Hickey and Carole J. Ryczek, Assistant United States Attorneys, on the brief), Chicago, IL (on submission), for Respondent.

Present: ROSEMARY S. POOLER and SONIA SOTOMAYOR, Circuit Judges, and EDWARD R. KORMAN, District Judge.**

### SUMMARY ORDER

Petitioner Elbagir Hassan Awad petitions for review of a March 26, 2003 order of the BIA summarily affirming the order of Immigration Judge Sarah M. Burr (the "IJ") denying his application for suspension of deportation,[1] asylum, withholding of deportation, and relief under the Convention Against Torture.[2] On this petition for review, Awad challenges only the denial of suspension of deportation, a now-extinct form of discretionary relief from deportation. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

Awad argues for the first time on this petition for review that his deportation, with his United States citizen daughter, would result in extreme hardship to them because female genital mutilation (FGM) is widespread in Sudan. Awad contends that the IJ erred by failing to consider *sua sponte* record evidence relevant to the practice of FGM in Sudan contained in a State Department Country Report even though he never made that hardship argument to the IJ or the BIA. In his notice of appeal to the BIA, Awad clearly indicated that he sought to challenge the IJ's ruling on his suspension claim. Although it is less clear that Awad raised this basis for relief in his brief to the BIA, it is arguable that he did so. Nowhere in his brief to the BIA, however, did Awad mention any hardship to his daughter that might support his suspension claim, much less that she might be subjected to FGM if she accompanied him to Sudan.

■ We have stated that 8 U.S.C. § 1252(d)(1) "bars the consideration of bases for relief that were not raised below, and of general issues that were not raised below, but not of specific, subsidiary legal arguments or arguments by extension, that were not made below." *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Awad's claim on this petition for review cannot reasonably be characterized as either a subsidiary legal argument or an argument by extension; instead, it raises a significant issue that might have supported a claimed basis for relief, as evidence of "extreme hardship," if presented to the BIA. Because Awad failed to raise this specific issue in his submissions to the BIA, he therefore has not exhausted his claim.

■ This Court has suggested that in some circumstances we might assume jurisdiction over an unexhausted claim to

---

** The Hon. Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

1. Suspension of deportation was a form of discretionary relief from deportation replaced by cancellation of removal. *See Rojas–Reyes v. INS,* 235 F.3d 115, 120 (2d Cir.2000) (explaining that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 replaced suspension of deportation with cancel-lation of removal, a form of relief with more stringent requirements).

2. Because Awad applied for relief from deportation in 1994, before the 1996 amendments to the Immigration and Nationality Act changed both the forms of relief available to aliens and the applicable nomenclature, we use the terms that were applicable at that time.

avoid "manifest injustice." *See id.* at 87. In this case, the record indicates that FGM is not practiced in all regions of Sudan, and Awad has adduced no evidence suggesting that FGM would be imposed on a female child against the parents' wishes. Nor has Awad claimed at any stage of the proceedings that he would take his daughter with him if he returned to Sudan. Because Awad has not adduced evidence of a meaningful risk of FGM, we see no basis on which to find "manifest injustice" here.

For the foregoing reasons, the petition for review is DISMISSED.